and again we'll give a little bit of time for council to clear the room if they wish to do so and for council in the next case to make themselves comfortable at the tables all righty whenever you're ready to begin miss Sutherland you may do so please the court my name is Abigail Sutherland and I represent the plaintiff appellant Vision Warriors Church can I ask you just adjust that microphone bring it a little closer to you we are we always record what we're doing and we want to make sure it picks up your argument how is that thank you so much I'm going to address dismissal of Vision Warriors Arloopa claim first and then address a few points on summary judgment the district court concluded that Vision Warriors claim should be dismissed because quote Vision Warriors did not allege that defendants actions would remove any possibility that Vision Warriors could continue to operate its ministry just a few months later this court rejected such a narrow definition of substantial burden and clarified that whatever the term substantial burden means it most assuredly does not mean complete total or inseparable burden and in fact a modified behavior would be enough talking about time any mediation yes your honor under either standard however Vision Warriors has very clearly alleged a substantial burden it is a faith-based ministry that operates a residential program for individuals recovering from addiction may I ask you a question would it be appropriate as they did in time mediation for this court to remand for the district court to consider this in the first instance rather than this court to consider whether or not there's a substantial burden analysis yes it would certainly be appropriate and I know that in time meditation association the court actually outlined several factors to give the district court a guide most of those factors are relevant here certainly there's a few that aren't because we're not seeking to relocate and purchase a new property we're actually protesting the fact that we've been thrown off our current property after receiving zoning approval but yes you're on your right so Vision Warriors very clearly alleged a substantial burden here it operates a residential ministry it began operating with zoning approval from the county which the county later revoked and then it has been told it cannot operate its residential ministry on this property or in any residential zoning district within the county that is most certainly a substantial burden under this court standard with regards to the grant of summary judgment to the county the district court overlooked some material facts that actually demonstrate very strongly an unequal protection claim here and satisfy the elements of that claim those same facts also support intentional discrimination and reasonable accommodation claims under the Fair Housing Act and the ADA Vision Warriors originally presented Happy Acres as a similar comparator and as I'm sure this court knows the district court had concerns regarding that similar comparator I'll address that briefly the district courts main concern is that maybe not all of the accounting officials who were involved in the decision here with regards to Vision Warriors knew about Happy Acres use there are disputed facts as far as who knew what and who knew how much however what is clear here is that the zoning manager who was in charge of issuing a decision here with regards to Vision Warriors when asked about Happy Acres actually testified and explained that he would likely have classified Happy Acres as a dormitory if that is true that use would have been permitted by right and Happy Acres would have been able to continue while Vision Warriors is being kicked off the property and in band altogether there are however several other similar comparators that don't require the district court to dive in to the messy facts of Happy Acres and those similar comparators are found in the zoning ordinance itself which can also be found in volume 4 of the appendix beginning on page 97 and that is a dormitory and a religious institution when operating an accessory use of a temporary shelter as long as that temporary shelter is offered free of charge so in essence a temporary shelter free of charge can operate on this property through a permit process with the county however Vision Warriors who the county insists is a temporary shelter for zoning purposes cannot operate on this property apparently because it does not offer it free of charge it requires financial accountability for some of its residents throughout the program there's also the issue of the dormitory at the time Vision Warriors purchased this property dormitory was a use permitted by right meaning there was no permission that needed from the county on order to operate what the district court missed here is that there is actually conflicting testimony by county officials regarding whether Vision Warriors is a dormitory or should be a temporary shelter for example the zoning director for the county Mr. Watkins actually testified in his deposition that it was his opinion that Vision Warriors was most like a dormitory not a temporary shelter can I ask you a question what is the precise accommodation that you're seeking here I mean do you require 55 residents and a woodworking shop and an automotive shop warehouse whatever what is it exactly that you're seeking as far as the accommodation and are you able to make do with less have you tried negotiating well Vision Warriors purchased the property with the understanding that it could operate up to 55 most resident residential programs like Vision Warriors have found that that something less than 55 actually works best for them you need a large enough community where individuals can connect with one other and find accountability and companionship but you also need to keep it small enough that there's community and a family like feel so to your answer your question we've never reached discussions with the county and we've never really discussed in legal arguments what a reasonable accommodation would be the county's argument is that for unrelated individuals which is the definition of a family is a reasonable accommodation and that that is available to Vision Warriors however I'd like to point out that the zoning ordinance actually specifically excludes a nonprofit organization from operating under the definition of a family and so that's not even a reasonable accommodation here it's not even a possibility and that is something the district court if they're saying that they would authorize it why wouldn't it be a possibility well it violates a zoning ordinance one but if they're saying that they would do it as a reasonable accommodation then why wouldn't it be a possibility well the evidence here limiting the number to four would not be reasonable here and as the evidence demonstrates there's a lot that goes into operating this this facility the property is very large and contains four pre-existing buildings the properties that say the difference you have with them is what they want as the reasonable accommodation doesn't work for you right well there are several residences on the property so what the county is suggesting is that for the entire property only four people can be housed on the entire property because they're not I understand I just want to make sure I'm getting your argument you're they have proposed as a reasonable accommodation for people can live there your position is that's not that won't do it for us because of the nature of the property the nature of the program etc right they've argued I wouldn't say that they propose that they make the argument that that possibility is there and then the zoning ordinance simply doesn't support that argument and that's all the evidence presents can I ask you another question pertaining to that the four people who would be allowed to live and I'm assuming and I don't know if I remember seeing this in the record that you have to have people there who live on the property as well in order to service the individuals who would be in the residential program that is correct vision warriors typically has at least two to three staff on the property with the man right so again it gets me back to I understand now that the the county's position is that the four people is a reasonable accommodation but I still don't understand what you think would be a is one that would allow vision warriors to continue to make payments on the property but do you have suggestions I mean it's you know to house it's kind of a touchy-feely you know enough individuals allow us to make payments like what is that number do you know what I mean yes provision where is right now the number is approximately 25 to 30 I don't know that that's actually in the really the best number for vision warriors it seems to be 25 to 30 people there's a large church dormitory which could have a lot more than that they simply just don't house that many and then there's a separate single family residence on the property as well so there is a lot of residential space on the property of course so the so going back to the number four that that that's been offered but does that also then include the the employees of vision warriors who would have to be living on the property it's a total of four so what that would mean is two or three staff and one resident all right so the four does not include for residential program individuals it includes the people who would be living to service I see okay that is correct yes four structures or at least four structures in the property but I guess happy acres would preclude them that thought that there could be four in each structure is that correct well two of the structures are not really prepped for residential living one is somewhat of an empty warehouse which happy acres actually used to store and ship items to missionaries overseas and then the other building is a detached attached garage building which missionaries used to repair missionaries cars so there's only two buildings on the property that are actually suitable for residential living which provide bathrooms and bedrooms and that sort of thing part of the necessity for reason for vision warriors though and I just want to remind the court is financial necessity this is a nonprofit they operate on a very small margin the property obviously requires a lot of upkeep and costs related to that and so there's a number that require that is required for vision warriors to be able to operate and stay afloat and that's where that 25 or 30 number comes in all right Thank You counsel and you've good morning I'm Angela Davis and together with my partner Paul Fricke represent Cherokee County and the Cherokee County defendants we respectfully ask you to affirm the decision of the district court because there is no material issue of disputed fact and judgment is warranted as a client's let me stop you there for a second because it seems that the district court may have done the same error that the district court judge did in time mediation where the ruling was based on the fact that there was no that it didn't completely prevent vision warriors from having services provided to individuals do you concede at this point after time mediation came out that that that is incorrect standard for the district court judge to have applied no your honor I do not and first of all that is only with respect to the relief of claim I think you're talking about with respect to complete cessation of operations and that was on the motion to dismiss order by the judge and the judge noted specifically in its order based on the pleadings as he must on our standard motion for dismiss that while there was not and while we argue that they were not effectively precluded and I understand now we might not argue that after time mediation at the time we did but the judge went on to say that vision warriors can still have worship services can still conduct Bible studies and can still even house a certain number of men just not 55 so the court was clear in its order that they could continue all of these activities towards their but isn't this really isn't for as it pertains to that claim the the district court judge did not do the proper analysis under midrash and so shouldn't this be something where we would send this back for the district court to do the proper analysis under midrash your honor if you believe the judge not effectively analyze it then yes a remand could be appropriate but we believe that the judge did effectively analyze it well because it was not and while you know that the time mediation case did not exist at that time for him to apply that case I understand that but your argument to the district court judge the district court judge was under the was analyzing the case based on the initial presumption that it had to be a complete prevention and that's not a purpose that's not the correct standard but that was not what the court found the court did not find they were completely prohibited in fact the court intuitively went beyond that in the courts finding I don't know that I don't know that I agree with that counsel because in essence what the district court judge did was say they're not completely prevented because they can do X Y & Z which suggests that the analysis was based on the assumption that the standard was a complete prevention well your honor but even under the time mediation standard the allegations in the complaint in the findings of the missing this claim because there's no allegation in the complaint that overnight residence for 55 men was a religious precept for the organization there's no allegation in the complaint that preventing 55 men from staying overnight is a substantial burden to religious exercise so there's a complete gap in the religious exercise piece and staying overnight and the judge got that and I think that analysis if read carefully you'll see even in the absence of the tie case that the judge applied a standard and went beyond that to find that there were indeed the ability to continue in the exercise of the religion such that it's not substantially burdened and in fact under tied not even a lesser standard where it was as unable to proceed in a very broad fashion I would also like to note on that relief a claim that it was not raised by vision warriors in its notice of appeal and was not raised at the statement of issues on we believe it's waived and should not even be considered. Can I ask you a question about sort of similar to what I was asking your friend on the other side there did you all negotiate with vision warriors? Yes your honor we have. And what what did you do as far as trying to I don't want the details of offers but yes we've consistently tried to negotiate try to negotiate a consent order literally for years but the numbers of 55 to 4 is just a huge gap. So so just to make sure I understand your immovable position is you can't have more than four people. Well your honor I think there might be a bit of misunderstanding on that and it could be our fault in part in the brief but the ordinance itself allows for four unrelated individuals living together per parcel. Vision Warriors has two parcels and we've shared this with them okay so eight people. Yeah after the decision they said what can we do and we've shared that to them that's not before the court of court but we've told them you can have four unrelated persons in the single-family home that's on the front parcel you can have four unrelated persons on the single on the shelter piece that's on the back and interestingly. But but so just so I make sure I understand is it has it been your immovable position then that you can't have more than eight people on that parcel? Well your honor in addition to the eight the definition of family which I have in front of me does provide for domestic servants employed on the premises may be housed on the premises without being counted as separate members and so there would be an opportunity to have four plus four plus some domestic servants and again we're talking about overnight so they can certainly bring in there's no limit to how many counselors they can bring in on a daily basis how many people can come into services we're talking about people who spend the night each night they park. Right but but part of their program is that it's residential and that that is what helps people to you know to overcome the difficulties of their addictions and so are you suggesting that these people in addition to eight would be living there as domestic servants? Yes that that members of Vision Warriors their staff could there you could have domestic servants I think probably you have four people more than one may not be reasonable I mean you certainly wouldn't have more than you have living there but I think that would be a reasonable thing the statute does not say how many domestic servants per household. So really when you say you were negotiating you you don't really mean that you were talking about possibly expanding the limits that are in the zoning ordinance right? Actually in negotiations we did talk about a consent order that would expand beyond at least pending the litigation but that was never agreed upon because they would never get to anything that the county felt was it was realistically close and your honor again it's it's important that we have treated everybody the same and that kind of goes back to more the discrimination claims and before I do that I want to say one more thing on this relief of claim if I could mindful of Judge Lacoa's concern about the standard that the judge applied. Existing case law that has not been overturned or abandoned in the 11th circuit makes clear that the limitation of a church to size and scope particularly when it's a rule that applies to all in a like case is not a substantial burden on the exercise of religion and here it's not a ban it's all about the numbers it's a numbers game and frankly it's a business issue. And so let me just ask you I mean let me get back to what you said a moment ago you said we've treated everybody the same I mean it seems like Happy Acres might have been treated differently I understand your position is we didn't know that Happy Acres you know that Happy Acres was being allowed to have essentially a dormitory missionaries whatever and run the auto body shop etc but that comes down to a factual determination of whether or not whether or not you guys actually knew right? Yes your honor and I think that's a critical point that's where I was going to start because I think you can make this simple because we have cross motions for summary judgment here and that's not not talked about this court has held that when there's cross motions for summary judgment it's probative of the fact that there's a non-existence of a factual issue that's in the Georgia State Conference of NAACP versus Fayette County case. Here we have Vision Warriors saying there's no disputed fact to support their position that they were treated differently and that Happy Acres was a similarly situated comparator. On the other side we have the county's motion for summary judgment agreeing there's no issue of dispute on a material fact issue but it supports our position that they were treated the same and that Happy Acres is not a similar comparator. The district court importantly made that comparison made a factual finding that we treated them the same and in fact very important factual findings that the county defendants did not know that's in the district court order at pages 30 through 33. Right but here's the thing about that it's on a So there can't really be any factual findings can there? I mean yes if they're if they're disputed. Well your honor we've both agreed there's no disputed facts so they give a list of facts we give a list of facts nobody agree everybody agrees they're not disputed what's critical is that none of it matters if they were treated the same and that is a fact finding and in this court's case Bunding versus Town of Reddington Beach a 11th Circuit 2021 decision the court was clear that on a motion for summary judgment indeed you consider the legal issues to know though that any finding a fact is reviewed for clear error and these decisions by the district court that they that the county defendants did not know Happy Acres was using the property to house missionaries the county defendants did not give permission to Happy Acres to house people. But those are based on those are based on legal conclusions right I mean that the the undisputed facts are that was it was a county employees named Lee who told them so she clearly knew there's no question she knew no respectfully I would disagree because what the testimony is and that is clear is that she did not know they came in and they presented her a set of facts and regrettably she did not review it she did not investigate she made the It was presented what Vision Warriors wanted to do they shared what Happy Acres has been doing and unfortunately this employee assumed it was a grandfathered use but importantly she made the determination as did her predecessor or successor Michael Chapman that this was a temporary shelter use Miss Lee said it's a temporary shelter but it's an illegal non-conforming use but the reason was because it was a residential treatment or something like that right I mean that's the underlying that's the part where that's the part of the response that she gives you can continue using it this way as long as you don't use it as a residential treatment center or something to that effect because those have to be licensed under the state it's a different use but your honor I understand and I'm I just want to explore it a little bit with you right I mean and it may well be the case that it's not discrimination on that basis because they have to be licensed by the state but the fire marshal also knew because the fire marshal would do inspections correct on Happy Acres property? That was the testimony of Miss Young who lived on the property and ran Happy Acres but as the judge noted the fact that we have a county employee in a county with 800 employees who might see something might the knowledge of the county officials who are making the decision the district court noted that and made that factual finding again it pages 30 through 32 through 33 that we didn't know we didn't give permission that they're not similarly situated and I believe those are all fact determinations that are due deference on a clear error standard and in doing that the court concluded that Happy Acres was not similarly situated and indeed that we treated them the same and the case was very clear that irrespective of whether neighbors or even certain county officials may be biased and I don't suggest there's any of that evidence here but even if cases like Schwartz and his house recovery say that's irrelevant and doesn't matter if they were treated the same and the way they were treated the same here before you do that before you go there may I ask this are you saying that Miss Lee's opinion Mr. Chapman's opinion the fire marshal's opinion these are facts that were stipulated to essentially by both parties because you're saying you are agreeing that the district court made fact-finding on those issues and and what you're also saying is it's cross-motions or summary judgment so were each of those facts agreed to at the district court level by both sides yes we don't refute that miss Lee made a decision miss Lee's testimony is that she did no research and no evaluation and if had she had known it was not grandfathered she would have made a that's in the record all of that is agreed to both parties are saying there's undisputed facts what's important though is that they were treated the same and if they're treated the same it's not discrimination and going back to 1982 when the happy acres sought to rezone this property to increase the density and to put eight little structures out there into house missionaries the county said no they denied it that wasn't based upon drug recovery wasn't based on disability it was based upon it's not appropriate in this low-density residential district denied in 1982 denied again when it comes to us but what happened with happy acres is unbeknownst to the county they applied for a permit for a church if you look at all the permits there's no notice and that's what the judge determined at the district court level and I believe that's a fact finding that should be given deference as clear error only on that standard there's findings made the county did not know and one knowing something does not equate to the county knowing something so they were treated I totally agree one employee knowing doesn't necessarily equate to the county knowing but at what point does it like at what how much had to be done to show that the county knew well the district because there were a couple of county commissioners who are also in place at the time well all of the county commissioners noted that they had no idea that was in every single elected officials testimony but the district court noted that noted that miss Lee made it made her decisions that you make it seem like miss Lee is like some you know low-level rogue low-level employee but she's actually like the zoning administrator he was okay admitted she didn't do any review whatsoever so how do you make a decision this property's great well that may that may be the fact but she's a zoning administrator and then she if she gives out a permit or an application that knowledge has to be imputed to the I mean she's not a low-level functionary well respectfully your honor no it doesn't under Cory outdoor advertising in that line of cases that permit was void the minute she wrote it down on a piece of paper because it violated the ordinances and she admits that in her deposition testimony that had she done the investigation and determined it was not grandfathered she did conclude it was an illegal use she just thought it was illegal non-conforming or in other words grandfathered but she was wrong on that so does let me just ask you something unrelated does vision warriors have any anything that it can do because it was told at the time that this was a permissible use and it purchased the property on that basis does it have any recourse at all even if not in this particular case your honor I don't think so I mean Cory outdoor advertising stands for that proposition that you know the permits issued in now I haven't explored for them what their causes of actions might be but anything brought in this case is not going to be an appropriate relief for them all right thank you thank you I think I have just to know I'm over I'm sorry that's okay thank you no worries miss Sutherland you have three minutes and one of the material facts that was just simply overlooked by the district court that really addresses a lot of the claims in this case is that vision warriors was told and the reason that this lawsuit ensued vision warriors was told that it was a temporary shelter that it couldn't operate a dormitory and that it couldn't operate as a religious institution operating a temporary shelter free of charge that it was instead a temporary shelter and that it was banned from all residential zoning districts as this litigation has evolved the argument has evolved and at some point it was suggested without citation to the record whatsoever that vision words could operate as a family but when you look at the record and you look at the zoning ordinance and you look at what the zoning ordinance says which the county is very determined to apply when it comes to temporary shelter is that vision worries of the nonprofit organization and it cannot operate as a single-family home or dwelling it's expressly excluded this is not a numbers game it simply is not a numbers game it's about that vision warriors provides recovery to disabled individuals if they were a dormitory we wouldn't be discussing numbers if they were a operating a temporary shelter there's no maximum occupancy on those numbers as well now through a permit process that's required in the ordinance that discussion would arise and at that point we could discuss numbers but the point is is that right now vision warriors is banned entirely and under Fair Housing Act and ADA law that in and of itself is a problem that's one of the purposes that the act that the law was enacted was to prohibit the exclusion of residents like those that live at vision warriors from being excluded from neighborhoods and residential zoning districts and that's precisely what you have here the argument you're making about vision works being an organization and so therefore excluded did you make that earlier than in your reply brief I saw it in the reply brief but I didn't see it before but I may have overlooked it yes your honor it's certainly in the record it's in the complaint it's in legal arguments and statements of facts the argument actually didn't come up until the court on its own said well you know what actually they can operate as a family for four that's a reasonable accommodation which again the court just overlooked the definition and didn't read the full definition of family in the zoning ordinance that's when we raised it again on appeal for this court's review if there was any doubt as to whether vision words was given a fair process or whether there was arbitrariness and in these decisions that were rendered so additional material facts that were overlooked by the district court relate to comments that were made by county officials leading up to the vote on its zoning applications and that was that Commissioner Johnston ahead of both the initial hearing and the appellate hearing assured neighbors don't worry I'm voting against vision warriors if they want any remedy they're gonna have to go to the courts to seek it and I think that's just yet another demonstration of the mountain that vision orders was required to climb and completely prevented from ever succeeding it was never given a fair process in the first place thank you your honors thank you counsel all right we will take it under advisement and we will be in recent recess until tomorrow